```
CSWATT01 WHSATT I043  --- Windham School System ---     Date:  2007-12-21
Attendance Table             Inmate Information          Time:  08.06.00


SID No: 04536106 TDCJW/Request: 00999514 Name: LONG,STEVEN L

Sys Typ SubjNo      No Ent Drp Year Un Att Enr Description

  W   P   CHNG      04     10  2002 DL 021 021 CHANGES
  W   P   CHNG      03 19      2002 DL 024 024 CHANGES
  W   P   CHNG      01     26  2002 DL 045 057 CHANGES
  W   P.  CHNG      12         2001 DL 039 039 CHANGES
  W   P   CHNG      11 05      2001 DL 047 051 CHANGES
  W   A   PH2       12     16  1999 DB 034 036 LITERACY II
  W   A   PH2       11         1999 DB 053 054 LITERACY II
  W   A   PH2       10 22      1999 DB 018 018 LITERACY II
  W   A   PH1       04     09  1996 RB 012 018 LITERACY I
  W   A   PH1       03         1996 RB 042 045 LITERACY I
  W   A   PH1       02 16      1996 RB 021 024 LITERACY I
  W   A   PH23      12     12  1995 WL 009 021 LITERACY II III
PF1-Help  PF3-Exit  PF7-Back  PF8-Fwrd

B-Col  C-Ach  E-Eas  F-Cnl  G-Ged  H-Hdr  N-Rpt  P-Par  R-Crt  W-Dwl

40                                       TDC01043          005/035
```

LONG EXHIBIT 1, p. 187

```
CSWATT01 WHSATT I043  --- Windham School System ---    Date:  2007-12-21
Attendance Table              Innate Information         Time:  08.06.12


  SID No: 04536106 TDCJW/Request: 00999514 Name: LONG,STEVEN L

  Sys Typ SubjNo      Ho Ent Drp Year Un Att Enr Description

   W   A  COMPLAB     12     12   1995 WL 003 003 COMPUTER LAB
   W   A  PH23        11          1995 WL 027 042 LITERACY II III
   W   A  COMPLAB     11          1995 WL 014 015 COMPUTER LAB
   W   A  PH23        10          1995 WL 043 051 LITERACY II III
   W   A  COMPLAB     10          1995 WL 009 012 COMPUTER LAB
   W   A  PH23        09 05       1995 WL 040 048 LITERACY II III
   W   A  COMPLAB     09 06       1995 WL 008 009 COMPUTER LAB
   W   A  PH23        08 28  31   1995 WL 008 009 LITERACY II III
   W   A  COMPLAB     08 30  31   1995 WL 003 003 COMPUTER LAB
   W   A  COGSKLS     06 05  14   1995 ND 012 024 COGNITIVE SKILLS


  PF1-Help  PF3-Exit  PF7-Back  PF8-Furd

  B-Col  C-Ach  E-Eas  F-Cnl  G-Ged  H-Hdr  N-Rpt  P-Par  R-Crt  W-Dwl

48                                            TDC0I043          005/035
```

LONG EXHIBIT 1, p. 188

```
CSWCER01 WMSWSD I043  -- Windham School District --    Date  2007-12-21
                      College Registration Review      Time  08.06.20

SID No: 04536106 TDCJN/Request: 00999514 Name: LONG,STEVEN L
Unit..: TL   SSN..: 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                    Age: 36
Inmate Status:      W 0 Custody Level: D2          DOB: 08-17-1971
Education Ver. Sec.: 00 Deg.:      INSIDE   Prj Rel Date: XXXXXXXXXX
Education Ver. Col.:    Deg.:      Deg.:    Max Exp Date: 01-01-8888
GED:      Eligible For Col.:        Parole Board
          Eligible Col Date:        Voted Parole Action:
Level A, Best Scores                Calculated Date: 01-01-8888
Read    .0 Math    .0 Lang    .0 Comp:  .0  Offense Date: 05-21-2005
Tasp Test Scores                   TDC CAL Initial Parole
Read     Math     Write            Review Date:        01-01-8888
Ineligible For College Due To:  ------  Major Offenses  ------------------
                                Off Date  Hear Date Level   Level  Level
Discipline                      10/16/07  10/19/07  2 MA G
                                08/27/07  08/30/07  1 MA P



PF1-Help  PF3-Exit
A-Att  C-Ach  E-Eas  F-Cnl  G-Ged  H-Hdr  M-Rpt  P-Par  R-Crt  W-Dwl
4B                                           TDC01043       004/035
```

LONG EXHIBIT 1, p. 189

```
CSWEA01  WHSEA  I043  --- Windham School District ---     Date:  2007-12-21
EA Test Table                   Inmate Information        Time:  08.06.26

SID No: 04536106 TDCW/Reqst: 00999514    Name: LONG,STEVEN L

EA TDCW   Date      Unit Type Lvl Frn  Comp Read Math Lang    Invalid?

00705300 01-03-2000  DB   T   N   7   5.4  7.0  4.9  4.2      N

00705300 06-16-1995  ND   T   N   5   4.5  6.5  4.0  3.1      N




  PF1-Help  PF3-Exit  PF7-Back  PF8-Fwrd  PF12/U-Upd

  A-Att  B-Col  C-Ach  F-Cnl  G-Sed  H-Hdr  N-Rpt  P-Par  R-Crt  W-Dwl
 4B                                          TDC0I043          004/031
```

LONG EXHIBIT 1, p. 190

```
CSWWHD11 WHSCNT I043  -- Windham School District --    Date  2007-12-21
                        Counseling and Testing Review   Time  08.06.29

 SID No: 04536106 TDCJ/REQST: 00999514   Name: LONG,STEVEN L
 Unt: TL  Sys Cd:    Spec Ed:    Custody: D2 SSN: 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 DOB: 08-17-1971
 Inm Status:     W       Detain Typ:  Calculated Dt: 01-01-8888 Action:
 Last Maj Off Dt 10-16-2007 Off Lvl: 2 MA G         Prj Rel Dt: XXXXXXXXXX
 Last SexMisc.Dt 08-27-2007 Transfer:               Max Exp Dt: 01-01-8888
       Asgn Dt: 2006-10-19 Rsn Asgn: TEMPORARY      TDC Rec Dt: 10-19-2006
 Health..Last Date...Reason....   Hi EA Scr: 5.4    EA Scr Dt.: 01-03-2000
    ..1  11-07-2006  NO EXPOSURE TO ENVIRONMENTAL POLLUTANTS
    ..2                 NO WORK WITH CHEMICALS OR IRRITANTS
    ..3
    ..4
    ..5
    ..6
    ..7
    ..8
 Countroon  Class..  Desc................... To...... Time......... MTWTF


 PF1-Help  PF3-Exit
 A-Att  B-Col  C-Ach  E-Eas  G-Ged  H-Hdr  M-Rpt  P-Par  R-Crt  S-Cls  W-Dwl
4B                                        TDC0I043          004/032
```

LONG EXHIBIT 1, p. 191

```
CSWPAR01 WNSPAR I043   --- Windham School District ---      Date: 2007-12-21
Participation Table          Inmate Information            Time: 08.06.42

   SID No: 04536106 TDCJN/Request  00999514 Name: LONG,STEVEN L

   Sys Typ Subject     Ttl  Hrs  Subject                          Drop
   Cd  Cd  Number      Enr. Att. Name                             Date

   W   A   COGSKLS      24   12 COGNITIVE SKILLS                06-14-1995
   W   A   COMPLAB      42   37 COMPUTER LAB                    12-12-1995
   W   A   PH1          87   75 LITERACY I                      04-09-1996
   W   A   PH2         108  105 LITERACY II                     12-16-1999
   W   A   PH23        171  127 LITERACY II III                 12-12-1995
   W   P   CHNG        192  176 CHANGES                         04-10-2002
```

```
PF1-Help  PF3-Exit  PF7-Back  PF8-Fwrd

A-Att  B-Col  C-Ach  E-Eas  F-Cnl  G-Ged  H-Hdr  N-Rpt  R-Crt  W-Dwl

4B                                        TDC0I043         004/035
```

LONG EXHIBIT 1, p. 192

```
CSVCHG01 WNSCHG I043  --- Windham School District ---    Date:  2007-12-21
JFE4298                  CHANGES Information               Time:  08.06.48

      Use the intranet to update CHANGES now.   (Ask your supervisor.)
TDCJN: 00999514
Name: LONG,STEVEN L
Parole Board
Voted Rel Dt: 0000-01-01  Action:
Prj Rel DT..:
               Successful
Change         Completion Dt Module           Total Hours in Changes:  0000
Module  Unit   CCYY-MM-DD   Description        ITP Participation Code:

   1     DL    2001-12-19   Personal Development
   2     DL    2002-01-11   Interpersonal Relations
   3     DL    2002-01-23   Civil / Legal Responsibilities
   4     DL    N            Victim Awareness
   5     DL    N            Health and Wellness
   6     DL    2001-12-04   Career / Employment
   7     DL    2001-12-04   Re-Entry into Society

PF1-Help  PF3-Exit                  Certification:  N    Y-Cert, N-Part
A-Att  B-Col  C-Ach  E-Eas  F-Cnl   G-GED  H-Hdr  P-Par  R-Crt  W-Dwl

40                                           TDCOI043          005/010
```

LONG EXHIBIT 1, p. 193

# EXHIBIT 12

LONG EXHIBIT 1, p. 194

# *Mitigation Partners*

## ATTORNEY – CLIENT PRIVILEGED

MEMORANDUM

To:     Mick Mickelsen

From:  Toni Knox

Date:  December 20, 2007

Re:     Steven Long, Report #020

> Telephone Interview with Dr. Laura Lacritz
> UT Southwestern Medical School, 214 648-4646

**Relevance**:  This is the psychologist that did the original neuropsychological testing on Steven Long.

**Circumstances of Interview**:  I faxed Dr. Lacritz a copy of her original report regarding Steven Long and a release and requested she call me at her convenience.

**Interview**:  Dr. Lacritz called and was willing to talk about her experience on the case.  There were some indications that Steven may have been malingering, but it was difficult to say positively.  Dr. Lacritz felt some frustration during this case as she was furnished no information and she felt things "were being kept from her".  She was not furnished any of Steven's school records or any social history information or than Steven's mother's IQ.  Each bit of information was fed to her a bit at a time.  She had no information about the score of 97 that had been given to her, but had questions about the validity of that score.  She was not given the information the score was from a group IQ test at the prison.

She had no contact with the attorney and all her interactions were with Dr. Goodness, who she felt was screening information.  She did not have a good feel from the case and felt she was being manipulated in some way.  Dr. Lacritz would have been willing to testify at the case if requested, but Dr. Goodness just took the report and she felt gleaned what information was appropriate.  Dr. Lacritz understands that the legal team may decide not to use the information from her testing, but she wanted all the information prior to the testing so she could feel confident of the testing.

Dr. Lacritz stated she did not believe that she would work with Dr. Goodness in any additional cases as this is the second case where she had been called in and not furnished any information.  In the previous case, the client had been given psychological tests just a month prior to her being requested to test him.  She was not informed of this information which could skew the results.

LONG EXHIBIT 1, p. 195

Dr. Laura Lacritz
December 20, 2007

I explained that Steven had recently been tested again and scored in very similar ranges on the IQ tests, which indicated to our psychologist they were appropriate.   Dr. Lacritz stated she would probably agree with that.

Dr. Lacritz did not voluntarily want to say disparaging things about another psychologist (Dr. Goodness) and did attempt to word things in the gentlest way possible.  She did feel Dr. Goodness was very "controlling".  She believed that Dr. Goodness relayed whatever information she wanted to the attorney.

LONG EXHIBIT 1, p. 196

**UT SOUTHWESTERN**
M E D I C A L   C E N T E R

Laura H. Lacritz, Ph.D., ABPP
Associate Director

Department of Psychiatry
Neuropsychology

## NEUROPSYCHOLOGICAL EVALUATION

| | | | |
|---|---|---|---|
| **Patient Name:** | Steven Long | **Date of Evaluation:** | 8/1 & 8/8/06 |
| **Date of Birth:** | 08/17/1971 | **Handedness:** | Left |
| **Referral:** | Paul Johnson, JD | **Education:** | 4 years |

### Relevant History and Reason for Referral

Mr. Long is a 34-year-old Caucasian male currently awaiting trial on capital murder charges. He was referred for independent neuropsychological evaluation to assess his current cognitive functioning and was evaluated at Lew Sterret Criminal Justice Center. Cognitively, Mr. Long reported longstanding difficulties with problem solving, decision-making, impulsivity, and attention. He stated he has always had difficulty finishing things, sitting still for long periods of time, and focusing. He has apparently been diagnosed with attention deficit disorder in the past and treated with Cylert and Ritalin previously. Medical history includes tonsillectomy and asthma. He described two incidences of possible head injuries. One occurred when hit in the head with a bat. He does not recall if there was any loss of consciousness secondary to being intoxicated at the time. In 2000 or 2001 he was hit with a bar weight on the back of his head that involved a brief loss of consciousness. He recalls headaches afterwards that started behind his eyes. While he stated that he has always had a short fuse, since that event he believes he gets mad faster. Current medications include Prozac, Cogentin, Zyprexa, and Trazadone. He has also taken Risperdal in the past.

Mr. Long reported that he grew up in a "dysfunctional family" that included a lot of depression. He stated that his mother worked most of the time and that he was largely raised by a sister and brother-in-law who brought drugs into the house at an early age. He stated that he did fairly well in school until the 4th grade when drugs were introduced into the home. Early problems with writing were reported, but no reading difficulties. Mr. Long was reportedly expelled from school in the 5th grade secondary to poor grades, drug use, and non-participation. He began experimenting with drugs at age 10, initially using mostly marijuana and then later Quaaludes, cocaine, PCP, crack, and methamphetamines. He also drank alcohol excessively including a 12 pack of beer per day along with several ounces of whiskey. He stated he was high most of the time prior to entering prison. He has worked for short periods of time in various positions including at a car wash, refrigeration company, sheet metal company, and helping his mother. He stated that he tended to lose jobs because he could not get along with people and would fly off the handle.

Mr. Long stated he has been diagnosed with several different psychiatric disorders in the past including attention deficit disorder and schizophrenia, and apparently received treatment at MHMR. In addition, he clearly has a history of polysubstance abuse. He stated he has always

had a short fuse and though he tries to control it, will often "go off" with people who do not like him. He described his current mood as "pretty good," though described paranoia and concerns that people want to kill him. He has made two suicide attempts while in prison, one via hanging (found by a guard) and one by cutting his wrists. Neither of these required significant medical attention. He also reported feelings of failure and prior auditory hallucinations (poorly described), controlled by medications. He continues to have suicidal ideation. Mr. Long has been separated from his wife since before his incarceration. The marriage lasted less than a year before separation. He has two children, ages 13 and 12, with whom he has had little contact over the past year. His records apparently indicate prior intellectual testing that yielded an IQ score of 97. However, those records were not available at the time of this evaluation and no further details were available.

### Behavioral Observations

Mr. Long was tested over two testing sessions using one of the visitation cubicles. During the first session, he was cooperative and inquisitive about the procedures. He asked some inappropriate questions of the examiner including multiple personal inquiries. During the second testing session he was more irritable, stating he had previously been sleeping and did not slept well the night before. He was generally cooperative, though frustrated by difficult tasks. He was administered 3 tests of motivation and effort, one during the first testing session and two during the second testing session. He performed below acceptable cut-off scores on all of these measures, suggesting possible suboptimal effort. Therefore, while he appeared to fully engage in the testing, aspects of these results likely represent an underestimate of his functioning and caution should be used in interpreting the following results.

### Tests Administered

Wechsler Adult Intelligence Scale-III (WAIS-III), Wide Range Achievement Test-3 (WRAT-3; Reading subtest), Wisconsin Card Sorting Test (WCST), Trail Making Test (TMT), Halstead Category Test, Verbal Fluency Measures, Clock Drawings, Digit Vigilance Test, Stroop Color & Word, Hopkins Verbal Learning Test-Revised, Rey-Osterrieth Complex Figure, Test of Memory Malingering, Rey 15-Item Test, Abbreviated Hiscock Forced Choice Procedure

### Results

Mr. Long demonstrated extremely low intellectual abilities, obtaining a Verbal IQ of 66 and a Performance IQ of 64, for a Full Scale IQ of 62 (1st percentile). He demonstrated some inter-subtest scatter, though the majority of his scores fell in the borderline range and were consistent with single word reading skills at the 1st percentile (3.8 grade reading level). These scores are below previously reported IQ levels in the average range, though he does not present as higher functioning than the borderline or perhaps low average range.

Problem solving and concept formation on a card sorting test were moderately impaired (2/6 categories completed), as he was able to generate appropriate strategies, but lost track of his sorting principle on multiple occasions, suggesting that attention may have negatively impacted his performance on this test. Performance on a more difficult test of abstraction and problem solving was mildly impaired and he demonstrated significant frustration throughout the task. Visual-motor processing speed on a digit symbol substitution task was mildly to moderately

impaired. Processing speed on a visual scanning and sequencing task was also mildly to moderately impaired, and he had moderate difficulty when mental set shifting was additionally required, making multiple errors. This test was re-administered on the 2nd testing session, on which he performed better on the numerical sequencing segment but worse on the letter number sequencing part, making more errors and requiring the test to be discontinued.

Expressive vocabulary skills were moderately impaired (2nd percentile). Verbal fluency was mildly impaired for letters and moderately impaired for categories. His drawing of a clock face was micrographic, but generally symmetrical, though he incorrectly set the clock hands. His performance improved when given a model to copy and he was able to accurately set the hands to a designated time. He had mild difficulty in copying a complex geometric figure, utilizing a disorganized approach, which resulted in some misalignment of design details. Performance on visuospatial subtests from the WAIS III generally fell in the mildly impaired range, including scores on tests involving block construction and visual pattern analysis. He had more difficulty identifying missing details in pictures ($<1^{st}$ percentile). Attention to simple auditory information was mildly impaired (repetition of 5 digits forward and 3 in reverse). Sustained attention on a number cancellation task was mildly impaired for time, but average for accuracy. Performance on a test of selective attention and response inhibition was low average on the interference trial, though he made a number of errors.

Overall learning on a 12-item list-learning test was moderately to severely impaired, as he learned only a maximum of 6 items across trials and recalled 2 items after a delay. In addition, he made multiple intrusion errors. Recall of a complex geometric figure was mildly to moderately impaired immediately and severely impaired after a delay, with an intricate intrusion as part of the recall.

### Summary and Recommendations

Mr. Long demonstrated extremely low intellectual abilities and impairments across neurocognitive domains including on tests of problem solving, abstraction, processing speed, mental flexibility, language functioning, attention, and memory. However, he performed sub-optimally on tests of motivation and effort and some variability was noted across testing sessions. Therefore, while he seemed to put forth good effort on most tests, certain performances may reflect an underestimate of his true abilities. He likely has at least mild generalized neurocognitive deficits, which are probably longstanding, and may have been compounded by the effects of polysubstance abuse and psychiatric difficulties. He reports a history of attention deficit disorder and while he described early attention problems, there was insufficient information to confirm this diagnosis. His prior mild head injuries are not likely contributing to his presentation.

Laura Lacritz, Ph.D., ABPP
Associate Professor of Psychiatry
Associate Director of Neuropsychology

LONG EXHIBIT 1, p. 199

# EXHIBIT 13

LONG EXHIBIT 1, p. 200

| Cause No | Plantiff | Defendant | CaseYear | CaseType |
|---|---|---|---|---|
| 059-09637-1924 | G. H. B. LOAN COMPANY | TIDWELL, E. J., ET AL | 1924 | Civil |
| 059-10161-1924... | G. H. B. LOAN CO. | TIDWELL, E. J., ET AL | 1924 | Civil |
| 059-A1573-1920 | THE STATE OF TEXAS | TIDWELL, J. P. | 1920 | Criminal |
| 059-A1574-1920 | THE STATE OF TEXAS | TIDWELL, J. P. | 1920 | Criminal |
| 059-A8898-1957 | THE STATE OF TEXAS | TIDWELL, T.L. | 1957 | Criminal |
| 059-A8899-1957 | THE STATE OF TEXAS | TIDWELL, T.L. | 1957 | Criminal |
| 059-A8900-1957 | THE STATE OF TEXAS | TIDWELL, T.L. | 1957 | Criminal |
| 199-00099-1977 | TIDWELL, JO ANN | TIDWELL, JAMES W. | 1977 | Civil |
| 199-00691-1974 | TIDWELL, DOROTHY B. | TIDWELL, CHARLES F. | 1974 | Civil |
| 199-0170D-1982 | TIDWELL, NORRIS E. | TIDWELL, BRENDA JUNE AND IN... | 1982 | Civil |
| 199-0331D-1980 | TIDWELL, CHARLES JEFFERSON | TIDWELL, KAY JOAN | 1980 | Civil |
| 199-0484D-1984 | TIDWELL, SHERIDA GENE | TIDWELL JR., JOHN ROBERT IN... | 1984 | Civil |
| 219-0045D-1985 | TIDWELL, GERALD FRANKLIN | TIDWELL, LINDA SUE AND IN TH... | 1985 | Civil |
| 219-0133T-1983 | WYLIE I.S.D. | TIDWELL, PAUL H. | 1983 | Civil |

LONG EXHIBIT 1, p. 201

# CRIMINAL DOCKET

Page No. A-8900

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| A-8900 | THE STATE OF TEXAS | Dwight Whitwell    State | Rape | Sept. | 10 | 1957 |
| | vs. | | | | | |
| | T. L. Tidwell | | | Information or Indictment | | |
| FEE BOOK | | | | | | |
| Vol. \| Page | | | Deft. | | | |

| Date of Orders | ORDERS OF COURT | Minute Book | | WITNESSES |
|---|---|---|---|---|
| | | Vol. | Page | |
| SEP 28 1957 | Hon John E. Gay is appointed atty for defendant | | | |
| SEP 28 1957 | Set for trial on Oct 28-1957. | | | |
| MAR 27 1962 | Dismissed on States Motion for Reasons therein stated.    W.B. Dowdy    Judge Presiding. | 0-1 | 175 | |

LONG EXHIBIT 1, p. 202

THE STATE OF TEXAS

vs.     No.

| Date of Orders | ORDERS OF COURT CONTINUED | Minute Book | |
|---|---|---|---|
| | | Vol. | Page |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

LONG EXHIBIT 1, p. 203

LONG EXHIBIT 1, p. 204

No. 150—MOTION TO DISMISS AND ORDER—Class A.

## THE STATE OF TEXAS,

No. A-8900          vs.

T. L. TIDWELL

*In* 59TH JUDICIAL DISTRICT Court,

COLLIN County, Texas,

JANUARY Term, 19 62

Now comes the State, by the COUNTY Attorney, and moves the Court to dismiss the above entitled and numbered cause for the following reasons, to wit:

(1) The case has been on file so long that it is impossible to locate some of the witnesses;

(2) There is insufficient evidence to secure conviction.

*Thomas E. Williams*

COUNTY Attorney.

### ORDER OF THE COURT

On this the 27 day of March 1962 came on to be heard the written motion of the State's Attorney filed herein, asking permission of the Court to dismiss this cause for the reasons, set out in said motion, and the same having been heard and duly considered, the Court is of the opinion that the reasons so stated are good and sufficient to authorize such a dismissal.

It is, therefore, considered, ordered and adjudged by the Court, that this criminal action be and the same is hereby dismissed; that the State of Texas take nothing by this suit, and that the Defendant

T. L. TIDWELL , be immediately discharged from any further liability in this cause, and that as to the same go hence without day.

*W. C. Dowdy*

W. C. Dowdy Judge 59TH JUDICIAL DISTRICT Court

COLLIN County, Texas.

No. A-8900

THE STATE OF TEXAS

vs

T. L. TIDWELL

**STATE'S MOTION TO DISMISS**
**WITH ORDER OF COURT**

Filed Mar 27 19 62

Clara Gravillion Clerk

District Court Collin Co, Texas

By_____Deputy.

LONG EXHIBIT 1, p. 205

**In the Name and by the Authority of the State of Texas:**

The Grand Jurors, duly selected, organized, and impaneled as such in and for the County of Collin, State of Texas, at the _____ September _____ Term, A. D. 195.7., of the District Court for said County, upon their oaths, present in and to said Court that on or about the _____ 7th _____ day of _____ July _____, A. D. 195.7___, and anterior to the presentment of this indictment, in the County of Collin and State of Texas,_____

_____ T. L. Tidwell _____

did then and there unlawfully ravish and have carnal knowledge of Terresa Tidwell, a female then and there under the age of eighteen years, and then and there not being the wife of the said T. L. Tidwell

LONG EXHIBIT 1, p. 206

against the peace and dignity of the State.

_Ha. Finch, Jr._
_____
Foreman of the Grand Jury.

No. A. 8900

THE STATE OF TEXAS

—vs.—

T. L. Tidwell

# INDICTMENT

### OFFENSE:

Rape

~~DWIGHT WHITWELL~~
ROBERT R. HENDRICKS,
Criminal District Attorney
~~COUNTY~~

Filed 10 day of Sept, 195 7

*Jessie Barker*
Clerk, District Court, Collin County, Texas

By ................................ Deputy

A TRUE BILL:

*H. G. Finch, Jr.*
Foreman of the Grand Jury.

Amount of Bail $ ....... ....

Blue Ridge, Texas

LONG EXHIBIT 1, p. 207

# THE STATE OF TEXAS

**To the Sheriff of Collin County, Said State—GREETING:**

YOU ARE HEREBY COMMANDED to forthwith deliver to ___T. L. Tidwell___

_____ a prisoner in your custody the accompanying

certified Copy of Indictment A-8900 _____

HEREIN FAIL NOT, and due return make hereof without delay.

WITNESS my signature and seal of office, on this the___10th___day of

___September___195_7_.

Irene Barker

Clerk District Court, Collin County, Texas.

By___*Jean Zelley*___Deputy.

LONG EXHIBIT 1, p. 208

## SHERIFF'S RETURN

Came to hand on the _10_ day of _Sept_ A. D. _1957_ at _5_ o'clock _P_ m. and executed on the same day by delivering to the within named................................................................................................a prisoner in my custody, in person, a certified copy of Indictment mentioned within, and delivered to me with this Writ.

Returned on this _11_ day of _Sept_ A.D. 195_7_

_Lloyd Williams_
Sheriff, Collin County, Texas

By..............................................................Deputy.

---

THE STATE OF TEXAS

FILE No. A-8900

—vs—

T. L. Tidwell

Precept to Serve Copy of Indictment

Issued September 10 1957

Irene Barker
District Clerk, Collin County, Texas

By _Jean Felty_ Deputy

FILED
At............M.
SEP 11 1957
IRENE BARKER
Clerk District Court, Collin County, Texas
By _Jean Felty_

LONG EXHIBIT 1, p. 209

# THE STATE OF TEXAS

**To Any Sheriff of the State of Texas—GREETING:**

YOU ARE HEREBY COMMANDED to arrest   T. L. Tidwell

and him safely keep so that you have him before the Honorable District Court of Collin County, in said State, at the Court House of said county, in the City of McKinney, instanter, then and there to answer THE STATE OF TEXAS upon an indictment pending in said court, charging him with the offense of a felony, to-wit: Rape

HEREIN FAIL NOT, but make due return hereof to the Court instanter.

WITNESS my signature and official seal at office in the City of McKinney, this the 10th day of September A. D. 1957.

Irene Barker
Clerk District Court, Collin County, Texas.

By  Jean Lilly  Deputy.

LONG EXHIBIT 1, p. 210

## SHERIFF'S RETURN

Came to hand on the _____10_____ day of _____Sept_____ A. D. 195_7_

~~fully arresting the within~~
~~named defendant in Collin~~     _placing him_
~~County, and releasing him on~~     _in Jail_
~~bond~~

_____, Sheriff

By _____, Deputy

Returned on this _____11_____ day of _____Sept_____ A. D. 195_7_

FEE - - $ _1.00_

Mileage - $ _____

Total - - $ _2.00_

_Floyd Williams_
Sheriff, Collin County, Texas

---

FILE No. A-8900

The State of Texas

—VS.—

T. L. Tidwell

CAPIAS

Issued this the _____10th_____ day of

_____September_____ A. D. 195_7_

District Clerk, Collin County, Texas

Irene Barker

By _Jean Zehly_, Deputy.

Amount of - - - - $ _____

FILED

At _____ M.

SEP 11 1957

IRENE BARKER
Clerk District Court, Collin County, Texas
By _Jean Zehly_

LONG EXHIBIT 1, p. 211

No. A-8898

IN __District__ COURT

__Collin__ COUNTY

# THE STATE OF TEXAS

vs.

T. L. Tidwell

Filed the __10th__ day of __Sept.__ 19 __57__

## MEMORANDUM OF PAPERS FILED

1. *Plea of Guilty*
2.
3.
4. *Box 785*
5.
6. *2-1, 60-61* M-D
7.
8. M-D *Vol 12, Page 60*
9. *Vol 12A, 253*
10.
11.
12.

A-117                FOR SALE BY STAFFORD-LOWDON CO. FORT WORTH

Long Exhibit 1, p. 212

# CRIMINAL DOCKET

Page No. 606

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| A-8898 | THE STATE OF TEXAS | Dwight Whitwell  State | Rape | Sept. | 10 | 1957 |
| | vs. | | | | | |
| | T. L. Tidwell | | | | Information or Indictment | |
| FEE BOOK Vol. Page | | | Deft. | | | |

| Date of Orders | ORDERS OF COURT | Minute Book Vol. | Page | WITNESSES |
|---|---|---|---|---|
| SEP 28 1957 | Hon John E Day is appointed Atty for defendant | | | |
| SEP 28 1957 | Set for trial on Oct 28-1957 | | | |
| OCT 16 1957 | State's motion for Special Venire granted, and 100 persons' names duly drawn to appear Oct 28-1957 at 9:00 a.m. and Writ returnable Friday, Oct 25-1957, and Summons shall be by U.S. First Class Mail. | 1-1 | 60,61 | |
| 10-28-57 | Reset for Nov 13-1957 | | | |
| NOV 13 1957 | Duly arraigned - Pleads "guilty" | | | |
| NOV 13 1957 | Both sides ready - Jury - Indict read - Plea guilty received - evidence - Charge - arguments + Verdict of 15 years in Pen | 12 | 60 | |
| NOV 13 1957 | Deft duly sentenced to not less than 5 nor more than 15 yrs in Pen. | 12A | 252 | |

LONG EXHIBIT 1, p. 213

THE STATE OF TEXAS

vs.    No.

| Date of Orders | ORDERS OF COURT CONTINUED | Minute Book | |
|---|---|---|---|
| | | Vol. | Page |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

LONG EXHIBIT 1, p. 214

1935     LIST OF JURY CHOSEN

Plaintiff . . . . . .

vs.

No. . . . . . . . . . . . . .

T. L. Tidwell

Defendant . . . . . .

### JURY CHOSEN

1. G. W. Hamilton

2. Willie Flatt

3. Delbert Rose

4. Fred Willis

5. Jessie Lewis

6. M. C. England

7. W. W. Davis

8. J. M. Jackson

9. J. A. Caldwell

10. J. T. Grubbs

11. O. L. Hollandsworth

12. Oscar Jefferat

LONG EXHIBIT 1, p. 215

File No.................................

In ....*District*........ **Court**

........*Callin*........ County,

....*Sept*....Term, A. D. 19*57*

*The State of Texas*

vs.

*T. L. Tidwell*

## JURY CHOSEN

Filed ....*Nov.* *13* A. D. 19*57*

*Irene Barker*

Clerk ....*District*........ Court

By ............................................

Deputy.

LONG EXHIBIT 1, p. 216

# THE STATE OF TEXAS

**To the Sheriff of Collin County, Said State—GREETING:**

YOU ARE HEREBY COMMANDED to forthwith deliver to T. L. Tidwell ................

................................................................ a prisoner in your custody the accompanying

certified Copy of Indictment A-8898 .................

HEREIN FAIL NOT, and due return make hereof without delay.

WITNESS my signature and seal of office, on this the .......... 10th .......... day of

September .... 195 7 ...

                                        Irene Barker
                            Clerk District Court, Collin County, Texas.

By ......... *Jean Felty* ......... Deputy.

### SHERIFF'S RETURN

Came to hand on the _____10_____ day of _____Sept_____ A. D. 1957 at 5

o'clock _P_ m. and executed on the same day by delivering to the within named

_____a prisoner in my custody, in person,

a certified copy of Indictment mentioned within, and delivered to me with this Writ.

Returned on this _____11_____ day of _____Sept_____ A.D. 1957

_Floyd Wilson_

Sheriff, Collin County, Texas

By_____Deputy.

---

FILE NO. A-8898

The State of Texas

vs.

T. L. Tidwell

Precept to Serve Copy of Indictment

Issued September 10 _____ 1957

Irene Barker

District Clerk, Collin County, Texas

By _____ Deputy

FILED

At _____ M.

SEP 11 1957

IRENE BARKER
Clerk District Court, Collin County, Texas
By _____

LONG EXHIBIT 1, p. 218

THE STATE OF TEXAS       §    IN THE DISTRICT COURT OF

VS. NO. A-8898            §    COLLIN COUNTY, TEXAS

T. L. TIDWELL           §    SEPTEMBER TERM A. D. 1957

      Now comes Dwight Whitwell, County Attorney and moves the Court to grant and have entered an order for a special venire to be issued in this cause for *100* persons, to appear before this court on the 28th day of October, 1957 from whom the jury for the trial of this case may be selected.

            *Dwight Whitwell*
            County Attorney

BY *Thomas E. Williams*
      assistant

LONG EXHIBIT 1, p. 219

FILED

At_____M.

OCT 17 1957

IRENE BARKER
Clerk District Court, Collin County, Texas
By_____

LONG EXHIBIT 1, p. 220

| THE STATE OF TEXAS | ◊ | IN THE DISTRICT COURT OF |
|---|---|---|
| VS. NO. A-8898 | ◊ | COLLIN COUNTY, TEXAS |
| T. L. TIDWELL | ◊ | SEPTEMBER TERM A. D. 1957 |

OCT 16 1957

This day came on to be heard the motion of the County Attorney for a special venire herein, and the same having been heard and considered by the court, the said motion is granted, and it is ordered by the court that the clerd do forthwith issue a writ commanding the sheriff of this Collin County to summon the *100* persons whose names appear on the list, to be attached to said writ, who are qualified jurors in the county, to be and appear before the district court of said Collin County, now in session at the courthouse of said county, on the 28th day of October, A. D. 1957 at 9:00 A.M., which said time is set for the trial of this cause, then add there to serve as jurors in the trial of said cause, which said writ shall be returnable on the 28th day of October, A. D. 1957.

It is the further order and direction of this court to said sheriff that said summons may be served by mailing the summons to the persons named in said list at the last known address of such persons, by first class United States mail.

_____
Judge

LONG EXHIBIT 1, p. 221

FILED

At _____ o _____ n M.

OCT 14 1957

IRENE BARKER
Clerk District Court, Collin County, Texas
By _____

1-1, 60-61

LONG EXHIBIT 1, p. 222

Application by State for Subpoena for Witness.

# TO THE CLERK OF THE DISTRICT COURT
## OF COLLIN COUNTY, TEXAS

In the case of THE STATE OF TEXAS vs. T. L. Tidwell ............................, No. A-8898

charged with ....Rape................................

you will please issue ....subpoena.es. for the following named witness..es. residing in the County......, as below set out:

| NAME | COUNTY | LOCATION | VOCATION |
|------|--------|----------|----------|
| Mrs. Lottie Tidwell | Collin | Blue Ridge, Texas | |
| Dorothy Jack Tidwell | " | " | |
| Judy Ann Tidwell | " | " | |
| Tressa Ann Johnson | " | " | |
| Dr. Glenn L. Mitchell | " | McKinney | |

Said person....... Witness..es.. in behalf of the State in the above entitled and numbered felony case, and it is believed by the State that the testimony of said witness..es... is material for the defense on the trial of said case ....................

Applicant prays that the said subpoena..es. be made returnable on the 30th.... day of ......October............A. D. 195.7. 9:00 a.m.

_Dwight Whitwell_ as
COUNTY Criminal District Attorney.

THE STATE OF TEXAS,
County of Collin

Before me the undersigned authority on this day personally appeared the above named COUNTY Criminal District Attorney, who, being by me duly sworn, states under oath that the facts contained in the foregoing application are true, to the best of his knowledge and belief.

_Dwight Whitwell_ as
COUNTY Criminal District Attorney.

Subscribed and sworn to before me, this 15th day of October ..........A. D. 195.7.

_Irene Barker_

(L. S.)

Clerk District Court, ...Collin....... Co., Texas

By........................................, Deputy

LONG EXHIBIT 1, p. 223

No. A-8698

### In The District Court

### The State of Texas

—vs—

T. L. Tidwell

Application by State for
Subpoena for Witness
In Felony Case

ed this ___22 nd___ day of
October ___ A. D. 195 2

Irene Barker
Clerk, District Court

Collin ___ Co., Texas

Betty Powell Deputy

LONG EXHIBIT 1, p. 224

SUBPOENA—Felony, D. C., In-County.                                   STAFFORD-LOWDON CO. FORT WORTH

# THE STATE OF TEXAS

TO THE SHERIFF OR ANY CONSTABLE OF COLLIN COUNTY—GREETING:

YOU ARE HEREBY COMMANDED to summon

1. Mrs. Lottie Tidwell, Blue Ridge, Texas, 2. Dorothy Jack Tidwell, Blue Ridge, Texas, 3. Judy Ann Tidwell, Blue Ridge, Texas, 4. Treasa Ann Johnson, Blue Ridge, Texas, 5. Dr. Glenn L. Mitchell, McKinney, Texas

to be and personally appear at the September Term of the Honorable District Court of Collin County to be held in the City of McKinney on the 30th day of October at 9:00 A. M. 195 7 then and there to give evidence in certain case pending, wherein the State of Texas is plaintiff, and T. L. Tidwell defendant , at the instance of the State of Texas (Plaintiff) and there remain from day to day and from term to term, until discharged by due course of law.

HEREIN FAIL NOT, But have you then and there this writ, with your return thereon as the law directs.

GIVEN UNDER MY HAND, This 22nd day of October 195 7

Irene Barker
Clerk District Court, Collin County, Texas.

By _Betty Powell_ , Deputy.

LONG EXHIBIT 1, p. 225

CAME TO HAND on the ___ day of _Oct_ _____, 195_7_, and executed by reading the within Subpoena in the presence and hearing of the following within named witnesses, all of whom were summoned in _Collin_ County on the dates and at the places as hereinafter set forth, as follows:

| NAME | DATE | WHERE | COURSE | DISTANCE |
|------|------|-------|--------|----------|
| Mrs. Lottie Tidwell | 10-23-57 | miles | from | miles |
| Dorothy Jack Tidwell | 10-23-57 | miles | from | miles |
| Judy Ann Tidwell | 10-23-57 | miles | from | miles |
| Tressa Ann Johnson | 10-23-57 | miles | from | miles |
| Dr. Glen Mitchell | 10-23-57 | miles | from | miles |
| | | miles | from | miles |

I actually and necessarily traveled _____ miles in the service of this Subpoena, in addition to any other mileage I may have traveled in the service of other Subpoenas or attachments in this or any other case during the same trip.

FEES—For summoning _____ witnesses, $ _3.25_

Mileage _____ miles, at 5c. $ _2.25_

TOTAL – $ _6.00_

_Floyd Williams_
Sheriff, Collin County, Texas

By _Robert Ramsay_ , Deputy

---

No. A-8898.

THE STATE OF TEXAS

vs.

T. L. Tidwell

# SUBPOENA

NAMES OF WITNESSES:

1. Mrs. Lottie Tidwell
2. Dorothy Jack Tidwell
3. Judy Ann Tidwell
4. Tressa Ann Johnson
5. Dr. Glenn L. Mitchell

Issued October 22, 1957.

Clerk, District Court, Collin County.

By _____ Deputy

FILED

Fees ____ M.

At _____

Mileage ____ $

TOTAL 1957 $

Clerk, District Court, Collin County, Texas

By _____

LONG EXHIBIT 1, p. 226

# THE STATE OF TEXAS

**To Any Sheriff of the State of Texas—GREETING:**

YOU ARE HEREBY COMMANDED to arrest ___T. L. Tidwell___

*and him safely keep so that you have him before the Honorable District Court of Collin County, in said State, at the Court House of said county, in the City of McKinney, instanter, then and there to answer THE STATE OF TEXAS upon an indictment pending in said court, charging him with the offense of a felony, to-wit:* Rape

HEREIN FAIL NOT, but make due return hereof to the Court instanter.

WITNESS my signature and official seal at office in the City of McKinney, this the 10th day of ___September___ A. D. 1957

Irene Barker
Clerk District Court, Collin County, Texas.

By ___Jean Felty___ Deputy.

LONG EXHIBIT 1, p. 227

## SHERIFF'S RETURN

Came to hand on the _10_ day of _sept_ A. D. 19_57_

duly arresting the within named defendant in Collin County, and releasing him on _placing him in Jail_ bond.

_____, Sheriff,

by _____ Deputy

Returned on this _11_ day of _sept_ A. D. 195_7_

FEE - - $ _7.00_

Mileage - $ _____

Total - - $ _7.00_

_Floyd J Wilson_
Sheriff, Collin County, Texas

---

FILE No. A-8898

The State of Texas

T. L. Tidwell

CAPIAS

Issued this the _10th_ day of
September  A. D. 1957

Irene Barker
District Clerk, Collin County, Texas

By _____ Deputy.

Amount of - - - - $

F I L E D
At _____ M.

SEP 11 1957

IRENE BARKER
Clerk District Court, Collin County, Texas
By _____

**In the Name and by the Authority of the State of Texas:**

The Grand Jurors, duly selected, organized, and impaneled as such in and for the County of Collin, State of Texas, at the..............September....................Term, A. D. 195..7...., of the District Court for said County, upon their oaths, present in and to said Court that on or about the .............27th.... day of ....................August..................., A. D. 195..7...., and anterior to the presentment of this indictment, in the County of Collin and State of Texas,.........

.........................T. L. Tidwell.........................

did then and there unlawfully ravish and have carnal knowledge of Judy Ann Tidwell, ~~a female then and there under the age of eighteen years, and then and there~~ not being the wife of the said T. L. Tidwell

LONG EXHIBIT 1, p. 229

against the peace and dignity of the State.

H.g. Finch, Jr.

Foreman of the Grand Jury.

No. A-2898

THE STATE OF TEXAS

—vs.—

T. L. Tidwell

## INDICTMENT

OFFENSE:

Rape

~~DWIGHT WHITWELL~~
~~ROBERT R. HENDRICKS~~
~~Criminal District Attorney~~
~~COUNTY~~

Filed 10 day of Sept, 1957

*Laura Barker*

Clerk, District Court, Collin County, Texas

By ------------------------------ Deputy

A TRUE BILL:

*H. P. Finch Jr*

Foreman of the Grand Jury.

Amount of Bail $------------------

Blue Ridge, Texas

LONG EXHIBIT 1, p. 230

E 419—PLEA OF GUILTY                                                    Clerk A Court

No. A-8898 )     IN THE DISTRICT COURT OF

THE STATE OF TEXAS )

vs. )     Collin

T. L. Tidwell )     ................ County, Texas.

)     ........ September ........ Term, A. D. 19 57

GENTLEMEN OF THE JURY:

In this case the defendant, T. L. Tidwell

stands charged by indictment duly presented in the District Court

of Collin ........................ County, Texas, with rape in that

he did then and there unlawfully ravish and have carnal knowledge

of Judy Ann Tidwell, a female then and there under the age of

eighteen years, and then and there not being the wife of the said

T. L. Tidwell,

said offense is alleged to have been committed in Collin ........

County, Texas, on or about the 27th day of August A. D. 1957

To this charge the defendant has pleaded guilty, and he has
persisted in entering such plea, notwithstanding the Court, as
required by law, has admonished him of the consequences of same,
and it plainly appearing to the Court that the Defendant is sane,
and that he is not influenced to make said plea by any considera-
tion of fear or persuasion or delusive hope of pardon prompting
him to confess his guilt, said plea is by the Court received, and
you will, therefore find the defendant guilty, as charged in the
indictment, and assess his punishment at ~~confinement in the State~~
death or by confinement in the penitentiary for life, or for any
~~penitentiary for any term of years as the jury may assess that~~
term of years not less than five.
~~you may select therein~~

LONG EXHIBIT 1, p. 231

W. G. Dowdy

Judge 59th Judicial District
of Texas.